IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01778-MSK-BNB

BRASS SMITH, LLC., a Colorado corporation,

    Plaintiff,

v.

LAWRENCE METAL PRODUCTS, INC., a New York corporation,

    Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING**
_____

**THIS MATTER** comes before the Court pursuant to Plaintiff Brass Smith, LLC's Motion for Temporary Restraining Order **(# 6)**.

The Complaint **(# 1)** in this case alleges that the Plaintiff is the holder of a patent on the design of a "sneeze guard" used in the food service industry. The Plaintiff alleges that the Defendant's offering of a competing product for sale infringes upon that patent.

On October 3, 2007, the Plaintiff filed the instant Motion for Temporary Restraining Order **(# 6)**, alleging that the Defendant's exhibition and offering for sale of the infringing product at the North American Association of Food and Equipment Manufacturers Show ("the NAFEM show"), scheduled for October 11-13, 2007, would cause irreparable harm to the Plaintiff. The Plaintiff requests an immediate temporary restraining order preventing the Defendant from offering the infringing product for sale at the NAFEM show.

Fed. R. Civ. P. 65(b) provides that two criteria must be established before a temporary restraining order may issue: (i) the movant must show, by affidavit or in a verified complaint, that immediate and irreparable injury will result before the opponent can be heard in opposition; and (ii) the movant's attorney must certify in writing the efforts it has made to give written or oral notice to the opponent of the request, or show reasons why such notice should not be required.

Here, the Plaintiff's Complaint is not verified, and thus, the showing required in the first element must be made by an affidavit attached to the Plaintiff's motion. Two such affidavits are tendered. Docket # 7 is an affidavit by Les Baker, President of the Plaintiff. Baker's affidavit describes the Plaintiff's invention of the sneeze guard at issue. Specifically, Baker explains that in 1998, the Plaintiff set out to design a modular, portable, and highly adjustable sneeze guard. Baker states that the Plaintiff eventually invented its product, called the "ZGuard," and that the product has enjoyed commercial success. Baker goes on to explain that the Defendant's 2007 catalog advertises a modular and adjustable sneeze guard, which allows the protective panel to move up and down, to tilt, and to incorporate a bracket with multiple arms coupled to a post.

Docket # 8 is an affidavit by the Plaintiff's counsel, Kevin Bell. Bell's affidavit does not contain averments of substantive fact, but merely describes several exhibits that are attached thereto. Specifically, Bell's affidavit attaches a copy of the Plaintiff's patent for the ZGuard; several letters exchanged between the Plaintiff's counsel and the Defendant's counsel between August 24, 2007 and October 1, 2007 regarding the parties' positions as to the issues involved in the litigation; copies of orders in a case involving the plaintiff in the Central District of California; and printouts of an online dictionary's definitions of several terms used in the Plaintiff's patent.

The Court finds that the Baker and Bell affidavits, individually and in concert, fail to satisfy the requirements of Fed. R. Civ. P. 65(b)(1). Although the Plaintiff's Motion asserts that the Defendant intends to offer the infringing product at the NAFEM show beginning October 11, 2007, nothing in either Baker or Bell's affidavit so states.[1] Absent any factual averment demonstrating that the Defendant indeed intends to offer its product for sale at the NAFEM show, there is no apparent risk to the Plaintiff, much less an immediate one.[2] Moreover, the affidavits fail to show that the Plaintiff will suffer any harm before the Defendant can be heard in opposition to the motion. The Plaintiff's contends that it will suffer irreparable injury if the Defendant exhibits its product at the NAFEM show, which begins October 11, 2007, more than a week from the date the Plaintiff filed the instant Motion. This provides sufficient time for the Defendant to be heard in opposition to a request for injunctive relief.

The Court further finds that the Plaintiff also fails to comply with Fed. R. Civ. P. 65(b)(2), in that Bell's affidavit does not recite the efforts that Plaintiff's counsel has made to give notice to the Defendant of the Plaintiff's request for a temporary restraining order, nor show why such efforts should be excused. At best, the correspondence attached to Bell's affidavit speaks only to

---

[1] At best, Exhibit E to Bell's affidavit is a letter from one of the Plaintiff's attorneys to the Defendant's attorney, offering to refrain from serving the Complaint in this action if the Defendant agrees not to offer its product for sale at the NAFEM show. Nothing in the record indicates that the Defendant responded to this letter at all, much less respond stating an intention to sell its product at the NAFEM show.

[2] To the extent the Plaintiff alleges in the alternative that the Defendant is currently offering the infringing product for sale through its catalog, the Plaintiff's evidence is insufficient. Although Baker's affidavit attaches the Defendant's catalog offering the item, Exhibit D to Bell's affidavit is a from the Defendant's counsel stating that the product is not yet in production, and not currently being sold or distributed. Nothing in either affidavit rebuts the contention of the Defendant's counsel, and thus, the Plaintiff has not shown by affidavit that the allegedly infringing product is currently being sold or offered for sale.

the Plaintiff proceeding to serve the Complaint; it states nothing about the Plaintiff's intention to seek a temporary restraining order.

Accordingly, because the Plaintiff has failed to establish the requirements of Fed. R. Civ. P. 65(b)(1) and (2), the Motion for Temporary Restraining Order **(# 6)**, to the extent it seeks *ex parte* relief, is **DENIED**. However, the Court deems that motion to implicitly request a preliminary injunction under Fed. R. Civ. P. 65(a)(1) as well. No later than 3:00 p.m. on Monday, October 8, 2007, the Defendant shall file a response to the Plaintiff's implicit request for a preliminary injunction. The Court will conduct a non-evidentiary hearing at **4:00 p.m.** on **Tuesday, October 9, 2007**, to address the process by which the Plaintiff's request for a preliminary injunction will be determined, and whether provisional relief is necessary pending such a determination. At the hearing, counsel should also be prepared to address consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c), and the possibility of accelerating trial on the merits of this action to coincide with the preliminary injunction hearing under Fed. R. Civ. P. 65(a)(2). Upon receipt of this Order, the Plaintiff's counsel shall immediately serve a copy upon counsel for the Defendant.

Dated this 4th day of October, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge